IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CHRISTOPHER A. CALDWELL,    )
    )
    Petitioner,    )
    )
v    )    Civil Action No. 2:08cv524-SRW
    )    (WO)
JEFFERY KELLER,    )
    )
    Respondent.

## ORDER

This cause is before the court on a 28 U.S.C. § 2241 petition for habeas corpus relief filed on or around June 30, 2008, by federal inmate Christopher A. Caldwell ("Caldwell"). Caldwell argues that a Federal Bureau of Prisons ("BOP") regulation excluding him from eligibility for early release under 18 U.S.C. § 3621(e) upon completion of the Residential Drug Abuse Program violates his rights and violates the provisions of § 706(2)(A) of the Administrative Procedure Act.

## DISCUSSION

A federal prisoner who requests habeas corpus relief under 28 U.S.C. § 2241 must first exhaust his administrative remedies before seeking relief from this court. *Gonzalez v. United States*, 959 F.2d 211 (11th Cir. 1992). The BOP has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court. *See* 28 C.F.R. §§ 542.10 *et seq.*; *United States v. Lucas*, 898 F.2d 1554, 1556 (11th Cir. 1990). These regulations govern formal review of inmate complaints relating to any aspect

of their imprisonment and specify the procedures that inmates must pursue before attempting to seek relief in federal court. *United States v. Herrera*, 931 F.2d 761, 764 (11th Cir. 1991). If, and only if, an inmate has pursued his administrative remedy may he seek relief in federal court. *Id*. "Exhaustion of administrative remedies is jurisdictional" when a petition is filed pursuant to 28 U.S.C. § 2241 for release from federal prison. *Gonzalez,* 959 F.2d at 212; *Winck v. England*, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003).

A review of the habeas petition, the respondent's answer, and Caldwell's reply to that answer, establishes that Caldwell has not yet exhausted his available administrative remedies with respect the claims presented in his petition. This court does not deem it appropriate to rule on the merits of Caldwell's claims without first requiring that he exhaust available administrative procedures established by the BOP. Consequently, the undersigned concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Caldwell can pursue his available administrative remedies.

## CONCLUSION

Accordingly, this case is DISMISSED without prejudice to afford Caldwell an opportunity to exhaust his administrative remedies in accordance with the procedures established by the BOP.

DONE, this 25th day of September, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

2